UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
[APR 14 2005
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

ROBERT C. BROWN
LAURETTE C. HUNTER

CASE NO.   3:05-cr-105-J-20MCR
Ct. 1:        18 U.S.C. § 371
Cts. 2-13:   18 U.S.C. §§ 1347 & 2
Cts. 14-25:  18 U.S.C. §§ 1035 & 2
Cts. 26-29:  18 U.S.C. §§ 1341& 2
Cts. 30-39 : 18 U.S.C. § 1956
Forfeitures:  18 U.S.C. § 982(a)(7)
                  18 U.S.C. § 981(a)(1)(C) &
                  28 U.S.C. § 2461(c)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

### A.  INTRODUCTION

At times material to this Indictment:

### The Co-Conspirators

1.      ROBERT C. BROWN ("BROWN"), a formerly licensed physician, owned and operated RCB Inc. Medical Clinic ("RCB").

2.      LAURETTE C. HUNTER ("HUNTER") was the Officer Manager of RCB. HUNTER worked from RCB's offices and from her personal residence located at 1653 Davidson Street in Jacksonville, Florida.

3.      PT was an employee of RCB who performed office administrative work and assisted doctors with certain patient medical services.

## RCB

4.      RCB was a Florida corporation engaged in the business of operating a walk-in medical clinic.

5.      RCB's medical office was located at 5111 Baymeadows Road, Suite 8, in Jacksonville, Florida.  RCB's billing office was located at 3606 Emerson Street in Jacksonville, Florida.

### Insurance Claims

6.      Health care providers, such as RCB, submit claims for payment of medical services to patients' insurance companies.  The universal claim form used in the health care industry for outpatient claims is called the Health Care Financing Administration ("HCFA") Form 1500.  This form provides for the claimant to advise the insurance company of information regarding the patient and the medical service performed, including the specific doctor who performed the medical procedure and the type of procedure performed.

### Victims of Fraud

7.      Aetna Incorporated ("Aetna"), United Health Group ("United"), and Cigna Incorporated ("Cigna") are private insurance companies that paid thousands of dollars to RCB as reimbursement for false and fraudulent billings submitted by the defendants.

### B. CHARGE

From in or about July 2002 through in or about September 2004, at Jacksonville, in the Middle District of Florida, and elsewhere,

ROBERT C. BROWN,
LAURETTE C. HUNTER,

the defendants herein, and others known and unknown to the grand jury, did knowingly and willfully combine, conspire, confederate and agree together:

     a.     to commit offenses against the United States, that is, to execute a scheme to defraud a health care benefit program and to obtain by means of false and fraudulent pretenses and representations the money of a health care benefit program, in violation of Title 18, United States Code, Sections 1347 and 2;

     b.     to commit offenses against the United States, that is, to make and to cause to be made, false, fictitious and fraudulent statements and representations, and to make or use any materially false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry, as to material facts, in connection with the delivery of and payment for health care benefits, items or services, in violation of Title 18, United States Code, Sections 1035 and 2; and

     c.     to commit offenses against the United States, that is, to use the United States mails and cause the use of the United States mails in furtherance of a scheme and artifice to defraud and for obtaining money and property, in violation of Title 18, United States Code, Sections 1341 and 2.

## C. <u>MANNER AND MEANS</u>

     1.     It was part of the scheme and artifice that BROWN and HUNTER would submit false and fraudulent HCFA forms and supporting medical documentation to private insurance companies administering health care benefit programs in order to receive reimbursement for services RCB did not provide to patients.

     2.     It was further part of the scheme and artifice that from July 2002 through September 2004, RCB would receive reimbursement checks from private insurance

3

companies as a result of the fraudulent HCFA forms and supporting medical documentation submitted by BROWN and HUNTER.

3.     It was further part of the scheme and artifice that the insurance companies would send reimbursement checks to RCB using the United States mail.

4.     It was further part of the scheme and artifice that an agent of RCB would deposit the reimbursement checks into RCB's corporate bank account, for which BROWN was the sole signatory.

5.     It was further part of the scheme and artifice that BROWN and HUNTER would submit fraudulent claims to Aetna reflecting 353 patient visits by PT from August 15, 2002 through March 6, 2004.  RCB was reimbursed $477,069.95 by Aetna for these claims.

6.     It was further part of the scheme and artifice that BROWN and HUNTER would submit fraudulent claims to Aetna reflecting 270 patient visits by RT from January 21, 2003 through March 13, 2004.  RCB was reimbursed $418,312.54 by Aetna for these claims.

7.     It was further part of the scheme and artifice that BROWN and HUNTER would submit fraudulent claims to Aetna reflecting 161 patient visits by JT from January 2, 2003 through March 10, 2004.  RCB was reimbursed $331,889.02 by Aetna for these claims.

8.     It was further part of the scheme and artifice that BROWN and HUNTER would submit fraudulent claims to United reflecting 141 patient visits by DG from January 21, 2003 through August 12, 2003.  RCB was reimbursed $131,227.37 by United for these claims.

4

9.     It was further part of the scheme and artifice that BROWN and HUNTER would submit fraudulent claims to Cigna reflecting 118 patient visits by TP from December 6, 2002 through October 4, 2003.  RCB was reimbursed $140,110.25 by Cigna for these claims.

10.     I was further part of the scheme and artifice BROWN and HUNTER would submit fraudulent claims to Cigna reflecting 173 patient visits by IP from January 30, 2003 through October 4, 2003.  RCB was reimbursed $190,092.60 by ~~United Health Group~~ Cigna ~~~~.~~~~ for these claims.

11.     It was further part of the scheme and artifice that HUNTER and PT would create false and fraudulent patient records at the direction of BROWN, including supporting medical documentation and medical test print-outs, to support the false and fraudulent billings on behalf of patients which were submitted to private insurance companies.

12.     It was further part of the scheme and artifice that HUNTER and PT, at the direction of BROWN, would perform hundreds of diagnostic procedures on themselves utilizing medical equipment which generated print-outs of test results, which were included as supporting documentation for fraudulently billed services.

13.     It was further part of the scheme and artifice that PT would allow BROWN and HUNTER to fraudulently bill her insurance as well as the insurance of her family members.

14.     It was further part of the scheme and artifice that BROWN would agree to compensate PT in cash for her employment with RCB and not report her

5

earnings to the Social Security Administration, allowing PT to continue to fraudulently receive Social Security benefits for an alleged disability.

15.     It was further part of the scheme and artifice that PT would broker a deal between an individual and BROWN, where that individual would allow BROWN to fraudulently bill her insurance if BROWN paid for that person's liposuction surgery.

16.     It was further part of the scheme and artifice that HUNTER, at the direction BROWN, would create fraudulent letters purportedly from Dr. Beaman, an RCB doctor, to support false and fraudulent claims submitted to private insurance companies, after these insurance companies requested supporting documentation for the alleged services when Dr. Beaman never saw, approved nor authorized such letters.

17.     It was further part of the scheme and artifice that the defendants and others would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

## D. OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida:

### Fraudulent Claims

### Claims billed for PT

1.     On or about July 7, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to Aetna seeking reimbursement in the amount of $2,027 for alleged medical services performed on PT, a health care plan beneficiary.

2.      On or about July 10, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to Aetna seeking reimbursement in the amount of $1,720 for alleged medical services performed on PT, a health care plan beneficiary.

**Claims Billed for RT**

3.      On or about June 27, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to Aetna seeking reimbursement in the amount of $1,870 for alleged medical services performed on RT, a health care plan beneficiary.

4.      On or about July 7, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to Aetna seeking reimbursement in the amount of $1,720 for alleged medical services performed on RT, a health care plan beneficiary.

**Claims Billed for JT**

5.      On or about June 23, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to Aetna seeking reimbursement in the amount of $1,972 for alleged medical services performed on JT, a health care plan beneficiary.

6.      On or about June 27, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to Aetna seeking reimbursement in the amount of $2,225 for alleged medical services performed on JT, a health care plan beneficiary.

**Claims Billed for DG**

7.      On or about June 24, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to United seeking reimbursement in the amount of $1,392 for alleged medical services performed on DG, a health care plan beneficiary.

8.      On or about June 25, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to United seeking reimbursement in the amount of $1,177 for alleged medical services performed on DG, a health care plan beneficiary.

**Claims Billed for TP**

9.      On or about July 14, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to Cigna seeking reimbursement in the amount of $1,350 for alleged medical services performed on TP, a health care plan beneficiary.

10.      On or about July 18, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to Cigna seeking reimbursement in the amount of $1,245 for alleged medical services performed on TP, a health care plan beneficiary.

**Claims Billed for IP**

11.      On or about March 11, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to Cigna seeking reimbursement in the amount of $1,035 for alleged medical services performed on IP, a health care plan beneficiary.

12. On or about March 27, 2003, the defendants submitted a false and fraudulent claim and claim related paperwork to Cigna seeking reimbursement in the amount of $950 for alleged medical services performed on IP, a health care plan beneficiary.

## Insurance Reimbursements for Fraudulent Claims

### Aetna

13. On or about July 30, 2003, as a result of fraudulent claims submitted by the defendants on behalf of PT for alleged patient visits on July 7 and 10, 2003; on behalf of RT for alleged patient visits on June 27, 2003 and July 7, 2003; and on behalf of JT for alleged patient visits on June 23 and 27, 2003, Aetna issued check number 1519123 to RCB in the amount of $46,651, which included reimbursement for said fraudulent claims.

14. On or about August 6, 2003, a RCB agent deposited check number 1519123 into RCB's corporate bank account at Wachovia Bank, account number 2090002868517.

### United

15. On or about April 15, 2004, as a result of fraudulent claims submitted by the defendants on behalf of DG for alleged patient visits on June 24 and 25, 2003, United issued check number 65818330 to RCB in the amount of $4,030, which included reimbursement for said fraudulent claims.

16. On or about April 27, 2004, a RCB agent deposited check number 65818330 into RCB's corporate bank account at Wachovia Bank, account number 2090002868517.

**Cigna**

17.     On or about July 31, 2003, as a result of fraudulent claims submitted by the defendants on behalf of TP for alleged patient visits on July 14 and 18, 2003, Cigna issued check number 78827202 to RCB in the amount of $15,890, which included reimbursement for said fraudulent claims.

18.     On or about August 5, 2003, a RCB agent deposited check number 78827202 into RCB's corporate bank account at Wachovia Bank, account number 2090002868517.

19.     On or about April 15, 2003, as a result of fraudulent claims submitted by the defendants on behalf of IP on March 11 and 27, 2003, Cigna issued check number 18601601 to RCB in the amount of $9,487, which included reimbursement for said fraudulent claims.

20.     On or about April 21, 2003, a RCB agent deposited check number 18601601 into RCB's corporate bank account at Wachovia Bank, account number 2090002868517.

All in violation of Title 18, United States Code, Section 371.


**COUNTS TWO THROUGH THIRTEEN**

**A. INTRODUCTION**

The allegations from Count One, Section A, are realleged and incorporated by reference as if fully set forth herein.

### B.  SCHEME AND ARTIFICE

On or about the dates listed below, at Jacksonville, in the Middle District of

Florida and elsewhere,

ROBERT C. BROWN,
LAURETTE C. HUNTER,

the defendants herein, did knowingly and willfully execute, attempt to execute, and aid

and abet in the execution of a scheme and artifice to defraud any health care benefit

program and to obtain, by means of false or fraudulent pretenses, representations or

promises, money or property owned by, and under the custody or control of, a health

care benefit program, in connection with the delivery of and payment for health care

benefits, items, and services.

### C.  MANNER AND MEANS

The allegations from Count One, Section C, Manner and Means, are realleged

and incorporated by reference as if fully set forth herein.

### D.  EXECUTION OF THE SCHEME

On or about the dates listed below, at Jacksonville, in the Middle District of

Florida, the defendants, having devised a scheme and artifice to defraud a health care

benefit program created and submitted the following false and fraudulent claims:

| COUNT | DATE | PATIENT | INSURANCE | AMOUNT |
|-------|------|---------|-----------|--------|
| Two   | 7-7-03  | PT | Aetna | $2,027 |
| Three | 7-10-03 | PT | Aetna | $1,720 |
| Four  | 6-27-03 | RT | Aetna | $1,870 |
| Five  | 7-7-03  | RT | Aetna | $1,720 |
| Six   | 6-23-03 | JT | Aetna | $1,972 |

| Seven | 6-27-03 | JT | Aetna | $2,225 |
| Eight | 6-24-03 | DG | United | $1,392 |
| Nine | 6-25-03 | DG | United | $1,177 |
| Ten | 7-14-03 | TP | Cigna | $1,350 |
| Eleven | 7-18-03 | TP | Cigna | $1,245 |
| Twelve | 3-11-03 | IP | Cigna | $1,035 |
| Thirteen | 3-27-03 | IP | Cigna | $  950 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS FOURTEEN THROUGH TWENTY-FIVE

### A. INTRODUCTION

The allegations from Count One, Section A, are realleged and incorporated by reference as if fully set forth herein.

### B. SCHEME AND ARTIFICE

On or about the dates listed below, at Jacksonville, in the Middle District of Florida and elsewhere,

ROBERT C. BROWN,
LAURETTE C. HUNTER,

the defendants herein, in a matter involving a health care benefit program, did knowingly and willfully make, and aid and abet in the making of, materially false, fictitious or fraudulent statements or representations, and did make or use materially false writings or documents, knowing the same to contain materially false fictitious, or fraudulent statements or entries, in connection with the delivery of and payment for health care benefits, items, or services.

## C.  MANNER AND MEANS

The allegations from Count One, Section C, Manner and Means, are realleged and incorporated by reference as if fully set forth herein.

## D.  EXECUTION

On or about the dates listed below, at Jacksonville, in the Middle District of Florida, the defendants, made materially false, fictitious or fraudulent statements or representations, and did make or use materially false writings or documents, knowing the same to contain materially false fictitious, or fraudulent statements or entries, in connection with the delivery of and payment for health care benefits, items, or services, as follows:

| COUNT | DATE | PATIENT | INSURANCE | AMOUNT |
| --- | --- | --- | --- | --- |
| Fourteen | 7-7-03 | PT | Aetna | $2,027 |
| Fifteen | 7-10-03 | PT | Aetna | $1,720 |
| Sixteen | 6-27-03 | RT | Aetna | $1,870 |
| Seventeen | 7-7-03 | RT | Aetna | $1,720 |
| Eighteen | 6-23-03 | JT | Aetna | $1,972 |
| Nineteen | 6-27-03 | JT | Aetna | $2,225 |
| Twenty | 6-24-03 | DG | United | $1,392 |
| Twenty One | 6-25-03 | DG | United | $1,177 |
| Twenty Two | 7-14-03 | TP | Cigna | $1,350 |
| Twenty Three | 7-18-03 | TP | Cigna | $1,245 |
| Twenty Four | 3-11-03 | IP | Cigna | $1,035 |
| Twenty Five | 3-27-03 | IP | Cigna | $  950 |

In violation of Title 18, United States Code, Sections 1035 and 2.

13

## COUNTS TWENTY-SIX THROUGH TWENTY-NINE

### A. INTRODUCTION

The allegations from Count One, Section A, are realleged and incorporated by reference as if fully set forth herein.

### B. SCHEME AND ARTIFICE

On or about the dates listed below, at Jacksonville, in the Middle District of Florida and elsewhere,

ROBERT C. BROWN,
LAURETTE C. HUNTER,

the defendants herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations, and promises, and to use the mails for the purpose of executing such scheme and artifice.

### C. MANNER AND MEANS

The allegations from Count One, Section C, Manner and Means, are realleged and incorporated by reference as if fully set forth herein.

### D. MAILINGS

On or about the dates listed below, at Jacksonville, in the Middle District of Florida, the defendants, having devised a scheme and artifice to defraud, and for obtaining money by means by false and fraudulent pretenses, representations, and promises, caused, and aided and abetted in causing, the below-listed items to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, from the addresses listed below to RCB:

14

| Count | Date | Item Mailed | From | Mailed To |
|-------|------|-------------|------|-----------|
| Twenty Six | 7-30-03 | Reimbursement Check | Aetna PO Box 31450 Tampa, FL 33631 | RCB 3606-2 Emerson Street Jacksonville, FL 32207 |
| Twenty Seven | 4-15-04 | Reimbursement Check | United PO Box 30555 Salt Lake City, UT 84130 | RCB 3606-2 Emerson Street Jacksonville, FL 32207 |
| Twenty Eight | 7-31-03 | Reimbursement Check | Cigna PO Box 98300 Atlanta, GA 30309 | RCB 3606-2 Emerson Street Jacksonville, FL 32207 |
| Twenty Nine | 4-15-03 | Reimbursement Check | Cigna PO Box 98300 Atlanta, GA 30309 | RCB 3606-2 Emerson Street Jacksonville, FL 32207 |

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS THIRTY THROUGH THIRTY-NINE

### A.  INTRODUCTION

The allegations of Count One, Section A, are realleged and incorporated by reference herein.

### B.  SCHEME AND ARTIFICE

On or about the dates listed below, at Jacksonville, in the Middle District of Florida and elsewhere,

ROBERT C. BROWN,

the defendant herein, did, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity:  (1) conducted and attempted to conduct such a financial transaction which involved the proceeds of a specified unlawful activity, that is, health care fraud, the making of false statements relating to a health care matter, and mail fraud, with the intent to promote and carry on

the specified unlawful activity, and; (2) conducted or attempted to conduct such a financial transaction knowing the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

## C. <u>MANNER AND MEANS</u>

The allegations from Count One, Section C, Manner and Means, are reallaged and incorporated by reference as if fully set forth herein.

## D. <u>EXECUTION OF THE SCHEME</u>

On or about the dates set forth below, at Jacksonville, in the Middle District of Florida,

ROBERT C. BROWN.

the defendant herein, did, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity: (1) conducted or attempted to conduct such a financial transaction which involved the proceeds of a specified unlawful activity with the intent to promote or carry on the specified unlawful activity, or; (2) conducted or attempted to conduct such a financial transaction knowing the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

| Count | Date | Chk/Wire # | Payor | Payee | Amount |
|-------|------|-----------|-------|-------|--------|
| Thirty | 10-3-03 | 1404 | RCB | Racquel Brown | $ 20,000 |
| Thirty One | 1-13-04 | 1544 | RCB | Charles Schwab | $100,000 |
| Thirty Two | 4-10-04 | 1675 | RCB | Nimnicht Cadillac | $107,969.61 |
| Thirty Three | 6-24-04 | 024023 | RCB | Paychex | $823,568.73 |

| Thirty Four | 6-25-04 | 7592600252 | Paychex | Robert C. Brown | $509,508.31 |
| Thirty Five | 12-17-03 | 1510 | RCB | Innovative Health Care Solutions | $ 45,000 |
| Thirty Six | 4-15-04 | 1161124188 | RCB | Paychex | $ 13,895.58 |
| Thirty Seven | 4-16-04 | 7592600220 | Paychex | Robert C. Brown | $ 6,888 |
| Thirty Eight | 5-9-04 | 1719 | RCB | Wilshire Financial Services | $ 14,403 |
| Thirty Nine | 5-9-04 | 1720 | RCB | Aurora Loan Services | $ 53,925.62 |

In violation of Title 18, United States Code, Sections 1956 and 2.

## FORFEITURES

## COUNT ONE

1.      The allegations contained in Count One of this Indictment/Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provision of Title 18, United States Code, Section 982.

2.      The defendants, ROBERT C. BROWN and LAURETTE C. HUNTER, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest they may have in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to the following:

   a.   A sum of money equal to approximately $1,700,000.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable;

   b.   2004 Cadillac Escalade, VIN 1GYEC63T14R233421, Florida license tag X74ILG;

c.    2004 Cadillac Escalade, VIN 1GYEK63N64R242961, Florida license tag X73ILG;

d.    All United States currency funds or other monetary instruments in the approximate amount of $55,162.86 credited to Wachovia Bank Account #1010077092580, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Robert Brown;

e.    All United States currency funds or other monetary instruments in the approximate amount of $29,241.38 credited to Wachovia Bank Account #2090002868517, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of RCB, Inc., Medical Clinic;

f.    All United States currency funds or other monetary instruments in the approximate amount of $91,158.86 credited to Wachovia Bank Account #1010077092593, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Raquel Brown;

g.    All United States currency funds or other monetary instruments in the approximate amount of $512,962.89 credited to Wachovia Bank Account #1010091957025, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Robert Brown and Raquel Brown;

h.    All United States currency funds or other monetary instruments in the approximate amount of $88,617.27 credited to Charles Schwab Account #1885-8449, located at 101 Montgomery Street, San Francisco, California, in the name of Robert C. Brown;

i.    a Decompression Machine, Serial Number DRX 9000-304-1003; and

j.    Real property, including all improvements thereon and appurtenances thereto, located at 1605 Tayo Lane, Jacksonville, Duval County, Florida.

3.    If any of the property described above, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

18

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), including but not limited to the following:

      a.      Real property, including all improvements thereon and appurtenances thereto, located at 1424 5th Street W., Jacksonville, Duval County, Florida;

      b.      1984 Chris Craft 37'9" Boat named "Raquel," Hull #CCHEJ189M84J;

      c.      1995 Mercedes-Benz, VIN WDBFA67E8SF125578; and

      d.      1995 Mercedes-Benz, VIN WDBGA70E3SA275129.

## COUNTS TWO through THIRTEEN

1.      The allegations contained in Counts Two through Thirteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provision of Title 18, United States Code, Section 982.

2.      The defendants, ROBERT C. BROWN and LAURETTE C. HUNTER, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest they may have in any property, real or

personal, that constitutes or is derived, directly or indirectly, from gross proceeds

traceable to the commission of the offense,

including but not limited to the following:

a.   A sum of money equal to $19,024.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable;

b.   2004 Cadillac Escalade, VIN 1GYEC63T14R233421, Florida license tag X74ILG;

c.   2004 Cadillac Escalade, VIN 1GYEK63N64R242961, Florida license tag X73ILG;

d.   All United States currency funds or other monetary instruments in the approximate amount of $55,162.86 credited to Wachovia Bank Account #1010077092580, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Robert Brown;

e.   All United States currency funds or other monetary instruments in the approximate amount of $29,241.38 credited to Wachovia Bank Account #2090002868517, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of RCB, Inc., Medical Clinic;

f.   All United States currency funds or other monetary instruments in the approximate amount of $91,158.86 credited to Wachovia Bank Account #1010077092593, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Raquel Brown;

g.   All United States currency funds or other monetary instruments in the approximate amount of $512,962.89 credited to Wachovia Bank Account #1010091957025, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Robert Brown and Raquel Brown;

h.   All United States currency funds or other monetary instruments in the approximate amount of $88,617.27 credited to Charles Schwab Account #1885-8449, located at 101 Montgomery Street, San Francisco, California, in the name of Robert C. Brown;

     i.     a Decompression Machine, Serial Number DRX 9000-304-1003; and

     j.     Real property, including all improvements thereon and appurtenances thereto, located at 1605 Tayo Lane, Jacksonville, Duval County, Florida.

3.     If any of the property described above, as a result of any act or omission of the defendants:

     a.     cannot be located upon the exercise of due diligence;

     b.     has been transferred or sold to, or deposited with, a third party;

     c.     has been placed beyond the jurisdiction of the court;

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), including but not limited to the following:

     a.     Real property, including all improvements thereon and appurtenances thereto, located at 1424 5th Street W., Jacksonville, Duval County, Florida;

     b.     1984 Chris Craft 37'9" Boat named "Raquel," Hull #CCHEJ189M84J;

     c.     1995 Mercedes-Benz, VIN WDBFA67E8SF125578; and

     d.     1995 Mercedes-Benz, VIN WDBGA70E3SA275129.

## COUNTS FOURTEEN through TWENTY-FIVE

1.     The allegations contained in Counts Fourteen through Twenty-five of this Indictment are hereby realleged and incorporated by reference for the purpose of

alleging forfeitures pursuant to the provision of Title 18, United States Code, Section 982.

2.     The defendants, ROBERT C. BROWN and LAURETTE C. HUNTER, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest they may have in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense,  including but not limited to the following:

a.     A sum of money equal to $19,024.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable;

b.     2004 Cadillac Escalade, VIN 1GYEC63T14R233421, Florida license tag X74ILG;

c.     2004 Cadillac Escalade, VIN 1GYEK63N64R242961, Florida license tag X73ILG;

d.     All United States currency funds or other monetary instruments in the approximate amount of $55,162.86 credited to Wachovia Bank Account #1010077092580, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Robert Brown;

e.     All United States currency funds or other monetary instruments in the approximate amount of $29,241.38 credited to Wachovia Bank Account #2090002868517, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of RCB, Inc., Medical Clinic;

f.     All United States currency funds or other monetary instruments in the approximate amount of $91,158.86 credited to Wachovia Bank Account #1010077092593, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Raquel Brown;

g.     All United States currency funds or other monetary instruments in the approximate amount of $512,962.89 credited to Wachovia Bank Account #1010091957025, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Robert Brown and Raquel Brown;

h.    All United States currency funds or other monetary instruments in the approximate amount of $88,617.27 credited to Charles Schwab Account #1885-8449, located at 101 Montgomery Street, San Francisco, California, in the name of Robert C. Brown;

i.    a Decompression Machine, Serial Number DRX 9000-304-1003; and

j.    Real property, including all improvements thereon and appurtenances thereto, located at 1605 Tayo Lane, Jacksonville, Duval County, Florida.

3.    If any of the property described above, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), including but not limited to the following:

a.    Real property, including all improvements thereon and appurtenances thereto, located at 1424 5th Street W., Jacksonville, Duval County, Florida;

b.    1984 Chris Craft 37'9" Boat named "Raquel," Hull #CCHEJ189M84J;

c.    1995 Mercedes-Benz, VIN WDBFA67E8SF125578; and

d.    1995 Mercedes-Benz, VIN WDBGA70E3SA275129.

## COUNTS TWENTY-SIX through TWENTY-NINE

1.      The allegations contained in Counts Twenty-six through Twenty-nine of

this Indictment are hereby realleged and incorporated by reference for the purpose of

alleging forfeitures pursuant to the provision of Title 18, United States Code, Section

982.

2.      The defendants, ROBERT C. BROWN and LAURETTE C. HUNTER,

shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Section 982, any and all right, title, and interest they may have in any property, real or

personal, that constitutes or is derived, directly or indirectly, from gross proceeds

traceable to the commission of the offense,  including but not limited to the following:

a.      A sum of money equal to approximately $1,700,00.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable;

b.      2004 Cadillac Escalade, VIN 1GYEC63T14R233421, Florida license tag X74ILG;

c.      2004 Cadillac Escalade, VIN 1GYEK63N64R242961, Florida license tag X73ILG;

d.      All United States currency funds or other monetary instruments in the approximate amount of $55,162.86 credited to Wachovia Bank Account #1010077092580, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Robert Brown;

e.      All United States currency funds or other monetary instruments in the approximate amount of $29,241.38 credited to Wachovia Bank Account #2090002868517, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of RCB, Inc., Medical Clinic;

f.      All United States currency funds or other monetary instruments in the approximate amount of $91,158.86 credited to Wachovia Bank Account #1010077092593, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Raquel Brown;

g.     All United States currency funds or other monetary instruments in the approximate amount of $512,962.89 credited to Wachovia Bank Account #1010091957025, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Robert Brown and Raquel Brown;

h.     All United States currency funds or other monetary instruments in the approximate amount of $88,617.27 credited to Charles Schwab Account #1885-8449, located at 101 Montgomery Street, San Francisco, California, in the name of Robert C. Brown;

i.     a Decompression Machine, Serial Number DRX 9000-304-1003; and

j.     Real property, including all improvements thereon and appurtenances thereto, located at 1605 Tayo Lane, Jacksonville, Duval County, Florida.

3.     If any of the property described above, as a result of any act or omission of the defendants:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under

the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title

18, United States Code, Section 982(b)(1), including but not limited to the following:

a.     Real property, including all improvements thereon and appurtenances thereto, located at 1424 5th Street W., Jacksonville, Duval County, Florida;

b.     1984 Chris Craft 37'9" Boat named "Raquel," Hull #CCHEJ189M84J;

c.      1995 Mercedes-Benz, VIN WDBFA67E8SF125578; and

d.      1995 Mercedes-Benz, VIN WDBGA70E3SA275129.


## COUNTS THIRTY through THIRTY-NINE

1.      The allegations contained in Counts Thirty through Thirty-nine of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982.

2.      The defendant, ROBERT C. BROWN, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest he may have in any property, real or personal, involved in such offenses, or any property traceable to such property, as a result of such violation of 18 U.S.C. § 1956, including but not limited to the following:

a.      A sum of money equal to $1,695,158.85 in United States currency, representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable;

b.      2004 Cadillac Escalade, VIN 1GYEC63T14R233421, Florida license tag X74ILG;

c.      2004 Cadillac Escalade, VIN 1GYEK63N64R242961, Florida license tag X73ILG;

d.      All United States currency funds or other monetary instruments in the approximate amount of $55,162.86 credited to Wachovia Bank Account #1010077092580, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Robert Brown;

e.      All United States currency funds or other monetary instruments in the approximate amount of $29,241.38 credited to Wachovia Bank Account #2090002868517, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of RCB, Inc., Medical Clinic;

26

f.    All United States currency funds or other monetary instruments in the approximate amount of $91,158.86 credited to Wachovia Bank Account #1010077092593, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Raquel Brown;

g.    All United States currency funds or other monetary instruments in the approximate amount of $512,962.89 credited to Wachovia Bank Account #1010091957025, located at 12222 San Jose Boulevard, Jacksonville, Florida, in the name of Robert Brown and Raquel Brown;

h.    All United States currency funds or other monetary instruments in the approximate amount of $88,617.27 credited to Charles Schwab Account #1885-8449, located at 101 Montgomery Street, San Francisco, California, in the name of Robert C. Brown;

i.    a Decompression Machine, Serial Number DRX 9000-304-1003; and

j.    Real property, including all improvements thereon and appurtenances thereto, located at 1605 Tayo Lane, Jacksonville, Duval County, Florida.

3.    If any of the property described above, as a result of any act or omission

of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under

the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title

18, United States Code, Section 982(b)(1), including but not limited to the following:

27

a.   Real property, including all improvements thereon and appurtenances thereto, located at 1424 5ᵗʰ Street W., Jacksonville, Duval County, Florida;

b.   1984 Chris Craft 37'9" Boat named "Raquel," Hull #CCHEJ189M84J;

c.   1995 Mercedes-Benz, VIN WDBFA67E8SF125578; and

d.   1995 Mercedes-Benz, VIN WDBGA70E3SA275129.

A TRUE BILL,

_____
Foreperson

PAUL I. PEREZ
United States Attorney

By: _____
ASHLEY B. MOODY
Assistant United States Attorney

By: _____
RONALD T. HENRY
Assistant United States Attorney
Deputy Chief, Jacksonville Division

GPO 863 525

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

ROBERT C. BROWN
LAURETTE C. HUNTER

## INDICTMENT

Violations:

| | |
|---|---|
| Ct. 1: | 18 U.S.C. § 371 |
| Cts. 2-13: | 18 U.S.C. §§ 1347 and 2 |
| Cts. 14-25: | 18 U.S.C. §§ 1035 and 2 |
| Cts. 26-29: | 18 U.S.C. §§ 1341 and 2 |
| Cts. 30-39: | 18 U.S.C. § 1956 |

A true bill,

_____
Foreperson

Filed in open court this _14th_ day

of April, A.D. 2005.

_____
Clerk

Bail $ _____